**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 96-4760

HAN SOO KOO,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-96-129-AMD)

Submitted: October 31, 1997

Decided: January 13, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael F. Grossman, James S. Yoh, New York, New York, for
Appellant. Lynne A. Battaglia, United States Attorney, Joseph L.
Evans, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Han Soo Koo appeals from his conviction and sentence for conspiracy to both steal goods from interstate shipments and to receive goods stolen from interstate shipments in violation of 18 U.S.C. § 371 (1994). On appeal, Koo assigns as error two jury instructions; one involving instruction on conscious avoidance and the other involving the Pinkerton doctrine.* Koo also alleges that the district court erred in determining the dollar value of the loss and in assessing an adjustment for more than minimal planning. Finding no error, we affirm.

Koo was involved in a scheme with Tony Clemens, among others, to steal and buy interstate shipments of Lever soap. On March 19, 1996, FBI agents discovered Clemens in the process of stealing a trailer of Lever soap products. Clemens agreed to take the agents to his delivery appointment with Koo. He told the agents that Koo would be carrying a gun and should have $3000 cash to pay for the shipment. Clemens and Koo met and Koo had the cash and gun predicted by Clemens. Clemens implicated Koo in five separate occasions of buying shipments he had stolen from Lever carriers. The jury found Koo guilty of the conspiracy charge and acquitted him of two substantive counts of receiving goods knowing them to be stolen from an interstate shipment. At sentencing, the district court found that the total loss associated with the conspiracy was approximately $266,000 and that more than minimal planning was involved.

Koo alleges that the district court erred by giving a conscious avoidance instruction regarding the two substantive counts and by giving an instruction on the Pinkerton theory of liability for the substantive counts. The conscious avoidance instruction directed:

_____

*See United States v. Pinkerton, 328 U.S. 640 (1946).

2

> [i]n addition, the element of knowledge may be satisfied by proof that the Defendant deliberately closed his eyes to what otherwise would have been obvious to a reasonable person. A finding beyond a reasonable doubt of a conscious purpose to avoid learning the source of the property in question therefore will satisfy the requirement that the Defendant had knowledge that the property was stolen.

(J.A. 65). As to the Pinkerton instruction, the court informed the jury that if they found that the substantive crimes were committed as part of the conspiracy and were reasonably foreseeable to the Defendant, then he could be held responsible for such offenses. Both these jury instructions relate to the substantive charges.

Koo did not object to either jury instruction at trial and therefore we review for plain error. See United States v. Olano, 507 U.S. 725, 730-37 (1993). The jury acquitted Koo of the substantive counts. Even if the error is reviewable under the plain error standard, any error would be harmless because Koo was not prejudiced by the instruction due to the resulting acquittal.

Koo raises two issues regarding sentencing. First, he argues that the district court erred in imposing a ten-level upward adjustment to reflect a loss of more than $200,000 but less than $350,000 dollars. See U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(K) (1996). Second, Koo argues that the court should not have found a two-level upward adjustment appropriate for more than minimal planning. See U.S. Sentencing Guidelines Manual § 2B1.1(b)(4)(A) (1996).

The propriety of adjustments to the guideline offense level concerning the amount of the loss and the adjustment for more than minimal planning are factual determinations that we review for clear error. See United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). At sentencing, the trial court found that the total loss associated with the conspiracy was approximately $266,000. The calculation included transactions involving five separate incidents including the $19,000 related to the attempted March 19, 1996, transaction, $63,000 for the transactions on January 25, and March 6, 1996, associated with the two substantive counts for which Koo was acquitted, and $188,000 for the transactions on January 2 and 27, 1996, with which Koo had

3

not been charged. A sentencing court may consider uncharged conduct and conduct associated with acquitted charges. See USSG § 1B1.3; United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). The court must establish the relevant conduct for sentencing purposes by a preponderance of the evidence. See United States v. Irvin, 2 F.3d 72, 75 (4th Cir. 1993).

Tony Clemens implicated Koo in all five transactions. Clemens testified to each transaction, was subjected to rigorous cross-examination, and found to be believable by the district court. His testimony in itself would be sufficient to find the conduct by a preponderance of the evidence. See United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984). Clemens's testimony was corroborated by several other witnesses. We therefore find that the district court did not err in this finding.

We find that the district court did not commit clear error in giving Koo a two-level increase for more than minimal planning. Such an increase is appropriate when a defendant's offense involves "repeated acts over a period of time, unless it is clear that each instance was purely opportune." USSG § 1B1.1, comment. (n.1(f)). All of the trial court's factual findings made in the context of the amount of loss demonstrate that Koo had an on-going relationship with Clemens over time and was involved in a total of at least five transactions to purchase stolen property. We find that the more than minimal planning finding is supported by the record.

We therefore affirm the judgment. We deny Koo's motion for leave to expedite the calendaring of argument. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4